ABRAHAM PASAMANICK, Plaintiff, *v.* BRISLOW BUILDING CORPORATION and Others, Defendants.

City Court of New York, Bronx County, February 20, 1930.

*Helfat & Corkland,* for the plaintiff.

*Benjamin C. Loder,* for the defendants Brislow Building Corporation and Frank Willetts.

EVANS, J. The plaintiff pushed the usual electric switch to light an electric lamp, in the hallway of a factory building. The lamp lit, but the plaintiff's hand, which he used to push the switch, was slightly burned. We do not know why the accident happened. We do know that the electric bulb, controlled by the switch, instead of being fastened to the wall, by the usual fittings and fixtures, hung out of its outlet. But as it hung out of its outlet, in the wall, it was protected by tape, and the bulb was protected by wire around it. It was the sort of device that is commonly seen in and about rough work and places, but is not often seen in finished buildings. It had been in that condition for a long time, and no accident had happened. There is nothing in the evidence from which it can be inferred that there was any relation between the manner in which the lamp was maintained and the accident. No defect of any sort in the taping, wiring, connections or anywhere else is shown. If the lamp was maintained in violation of any city ordinance, there would be a presumption of negligence, reference being made to the New York Code of Ordinances, chapter 9, sections 701 and 1403. Section 701 speaks of outlet fittings and section 1403 of the installation of fixtures. There does not seem to be any ordinance requiring the use of outlet fittings or fixtures, although, when used, there are regulations concerning their construction, wiring and installation. From the elaborate regulations, there seems to be an assumption, on the part of the framers of the ordinances, that outlet fittings and fixtures will be used, but there is no command to use them.

Neither common knowledge nor the evidence tells us that a well-taped wire hanging out of an outlet, fastened to a bulb protected by wire, is a source of danger. There is nothing here which would warrant the application of the doctrine of *res ipsa loquitur.* Something undoubtedly went wrong with the wiring system, somewhere, at the moment of the accident, but whether the lamp hanging out of its outlet, in the way described, caused the accident, is a mere guess. The complaint was, therefore, properly dismissed.

If the plaintiff is able to find any ordinance, not heretofore considered, commanding the use of outlet fittings or fixtures, or prohibiting the use of lamps taped and wired as this one was, in buildings I should be glad to reconsider the matter.